IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

B.B.,

Plaintiff,

v.

STAN EDINGTON, DUANE WALDERA, and JACKSON COUNTY, WISCONSIN,

Defendants.

OPINION and ORDER

26-cv-100-jdp

Plaintiff B.B., a minor, is suing Jackson County Sheriff's Office Seargent Stan Edington and others for claims arising from a 2025 incident during which plaintiff alleges Seargent Edington shot him in the neck and paralyzed him. Seargent Edington has been charged criminally in Wisconsin state court for the same incident. Before the court is Seargent Edington's motion to stay discovery and deadlines specific to him in this federal civil case pending a resolution of the state criminal one. Plaintiff objects to this stay, and Seargent Edington's co-defendants do as well, although they would be amenable to staying discovery and deadlines as to all defendants.

For the reasons stated below, the court GRANTS in part and DENIES in part Seargent Edington's motion to stay, Dkt. 18.

## BACKGROUND

Plaintiff alleges that, while on duty as a Sergeant in the Jackson County Sheriff's Office, defendant Stan Edington shot him in the neck after a car chase in May 2025 and paralyzed him. Dkt. 1 at ¶¶ 1, 25. The State of Wisconsin charged Sergeant Edington in August 2025

with Second Degree Reckless Injury for conduct related to this incident. Dkt. 20-1 at 1. Seargent Edington has pleaded not guilty in that case, and trial is currently scheduled to take place sometime in 2027. Dkt. 20-2 at 2. In February 2026, plaintiff filed this suit against Seargent Edington and two other defendants, alleging excessive force, municipal liability, and state law claims. Dkt. 1. Discovery opened in May 2026, Dkt. 13, and plaintiff has served several discovery requests on defendants, Dkt. 20-3.

Defendant has moved to stay all scheduled deadlines and discovery served on him pending the resolution of the state criminal charges—he does not move to stay deadlines or discovery for any other parties or witnesses. Dkt. 18. Defendant is primarily concerned that invoking his Fifth Amendment right to remain silent may lead to adverse inferences in this civil case. Dkt. 19 at 1–2. Plaintiff opposes the motion, Dkt. 21, and the other co-defendants in this case oppose staying the case for only Seargent Edington but do not oppose staying the entire case, Dkt. 22.

## ANALYSIS

Being a party to a civil suit and a parallel criminal proceeding does not automatically entitle a party to a stay of the civil case. *United States v. Certain Real Prop., Commonly Known as 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991); *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). However, a court may stay parallel civil litigation pending the resolution of a criminal case if the interests of justice require it. Whether to grant a stay involves balancing the interests of the plaintiff, the defendant, and the public. Factors to consider include: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that initiated the criminal case or investigation is also a

party in the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on the public interest; (5) the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Chagolla*, 529 F. Supp. 2d at 945.

On the one hand, the second, third, and fifth factors weigh against the requested stay. Paramount here are plaintiff's interests. The conduct and injuries alleged in this case are serious—total paralysis from a law enforcement officer's excessive use of force. Plaintiff's alleged injuries, expenses, and profoundly changed circumstances create a heightened need for a speedy resolution of his claims, and it is not clear if waiting until resolution of the criminal case will allow for that. Although state records reflect that the criminal trial will occur at some point in 2027, there is no date certain, meaning a stay of this case tied to the criminal trial is essentially indefinite. Meanwhile, if the cases were allowed to proceed in parallel, there is no concern that the state prosecuting agency could use the civil discovery process in this case to circumvent limitations on discovery in the criminal case because the prosecuting agency is not a party to this suit.

On the other hand, the first and sixth factors support the stay. The two cases arise from virtually the same set of facts. This near-total overlap makes it more likely that there will be duplication and possible conflict between the two proceedings. Of particular concern are defendant's interests and constitutional rights. Seargent Edington, like any criminal defendant, may assert his Fifth Amendment right to maintain his innocence and to remain silent in the face of questioning. But if he asserts that right in refusing to answer discovery in this civil case,

he risks an adverse inference. *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

These completing factors highlight the mixed nature of the fourth factor—the public has an interest in seeing plaintiff's civil claims to a just and speedy resolution, but it also has an interest in respecting a criminal defendant's constitutional rights. Based on this analysis, the court will chart a middle-ground course and stay discovery as to Seargent Edington for ninety days from the date of this order. Discovery remains open for all other parties, and all case deadlines remain in place for all parties, including Seargent Edington. This combination should mitigate the identified risk to defendant while also keeping this case on schedule.

The parties must file a status update seventy-five days after this order issues. The update must explain what discovery has been taken, what discovery remains to be taken, the nature of any discovery disputes that have arisen, and the status of the parallel criminal case.

ORDER

IT IS ORDERED that:

1. Defendant's motion to stay, Dkt. 18, is GRANTED in part and DENIED in part in keeping with this opinion.

Entered September 1, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge